UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VITAL DISTRIBUTIONS, LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>PEPPERIDGE FARM, INC.,<br><br>  Defendant. | No. 2:22–cv–319–MCE–KJN<br><br>ORDER<br><br>(ECF No. 37) |

On August 29, 2023, the court held a hearing on plaintiff's motion to compel responses to four requests for production of documents concerning communications and payment documents between defendant and other distributors. (ECF No. 37.) At the heart of the requests is plaintiff's investigation of the term "retail store" as used in the contract underlying this dispute. Defendant objected on relevance, proportionality, confidentiality, and form of the questions.

The court concurs with plaintiff on the relevance of the documents sought, as any communications and documents exchanged between defendant and other distributors about the scope of the term "retail store" weighs heavily on how this potentially ambiguous term should be interpreted. See Cal. Civ. Code § 1644 ("[T]he words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning; unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."); § 1645 ("Technical words are to be interpreted as usually

1

understood by persons in the profession or business to which they relate, unless clearly used in a different sense.").

      As to proportionality, defendant has yet to make a showing that the burden of production outweigh the benefits here, given that the potential scope of production is unclear at this time. See Fed. R. Civ. P. 26(b)(1); see also, e.g., Gorrell v. Sneath, 292 F.R.D. 629, 632 (E.D. Cal. 2013) (noting that when a party resists discovery, it "has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."). From the parties' representations at the hearing, it appears they agree that certain categories of documents could be excluded from any such production (i.e. product order and delivery), and so the court encourages the parties to continue working together to narrow the scope of the search. Similarly, defendant has proposed ways of narrowing the questions asked to further hone the issue, and the court encourages cooperation. If a heavy burden becomes apparent, the parties are encouraged to explore solutions that provide plaintiff with the information it seeks while relieving any overburdensome aspects on defendant (e.g. by examining a subset of documents from a random set of distributors, just from Amazon, etc.). See Fed. R. Civ. P. 26, advisory committee notes on the 2015 amendments ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes.").

      Finally, as to defendant's confidentiality concerns, the court notes the parties' stipulated protective order (see ECF No. 19) is in place and can be modified if needed to assuage any such concerns.

      For these reasons and as discussed at the hearing, it is HEREBY ORDERED that plaintiff's motion to compel is GRANTED.

Dated: August 30, 2023

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

vita.319